**DISTRICT OF COLUMBIA, a Municipal Corporation, et al., Appellants,**

v.

**NORTH WASHINGTON NEIGHBORS, INC., et al., Appellees.**

No. 9090.

District of Columbia Court of Appeals.

Argued Feb. 20, 1975.

Decided April 29, 1975.

Rehearing Denied May 16, 1975.

E. Calvin Golumbic, Asst. Corp. Counsel, Washington D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp., Counsel, Washington, D. C., were on the brief, for appellants.

Gilbert Hahn, Jr., Washington, D. C., for appellees.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

The District of Columbia appeals from an order which granted a preliminary injunction requiring the District, at its expense, to repair or replace broken water service pipes which are connected to the premises of appellees Roland Jackel, Ruth Williams, and Anne Hoopes. These water service pipes are pipes that run under the public street and connect the District's main water pipe with the private plumbing system of the property owner.

The only issue we find necessary to decide is whether the trial court erred in granting a preliminary injunction against

the District, based upon a finding that appellees would suffer irreparable injury unless the District is required to repair the broken water service pipes. Since we hold that the trial court erred on this point, we do not reach the merits on the other issues raised.

The appellees are all property owners in the District of Columbia who have broken water service pipe lines located underneath city streets. Each appellee was served with a notice from the District to repair his broken water pipe within five days, which each refused to do. Instead, they filed a suit to compel the District to repair the pipes. The trial court's order granting the relief requested has been stayed, pending final decision of this court.

Appellee Roland Jackel, the owner of premises at 5309 Chevy Chase Parkway, Northwest, is a retired employee of the Navy Department and receives an income of $1,200 a month. He has approximately $40,000 equity in his home, and approximately $30,000 in other assets. During the pendency of this appeal, he has repaired his water pipe and has informed this court he will seek a refund of the cost from the District.

Appellee Anne Hoopes, owner of premises at 4880 Glenbrook Road, Northwest, stipulated that she had the means of paying the estimated cost of repair of her broken water pipe, which was temporarily repaired.

Appellee Ruth Williams owns premises located at 612 Delafield Place, Northwest. She lives with her unemployed son, Nathaniel Williams, who receives a monthly pension from the Veterans Administration in the sum of $661. She is employed and receives an income of $7,000 to $8,000 a year, and has a savings account of approximately $700.

■ The trial court's finding that appellee Ruth Williams was financially unable to pay costs of repair is not supported by the record. The record fails to show whether the home is free of mortgage or, if there is an existing mortgage, the amount of the mortgage and the monthly payments required. Nor is there any evidence of appellee Williams' other monthly expenses.

Therefore, on this record we conclude that all appellees are financially able to repair their water service pipes.

■ Now the question arises as to whether these appellees have an adequate and complete remedy at law. If so, they have not suffered irreparable injury, hence they would not be entitled to a preliminary injunction. J. Pomeroy, 1 Equity Jurisprudence § 132 (1941).

■ The general rule is that an injunction will not be granted where the award of money damages gives full and complete satisfaction for an injury suffered. 43 C.J.S. Injunctions § 25 at 455. The right to sue the District of Columbia for damages for breach of its duty to a citizen is well established. D.C.Code 1973, § 1–102; cf. Wade v. District of Columbia, D.C.App., 310 A.2d 857, 860 (en banc 1973); Spencer v. General Hospital of District of Columbia, 138 U.S.App.D.C. 48, 425 F.2d 479 (en banc 1969); Elgin v. District of Columbia, 119 U.S.App.D.C. 116, 337 F.2d 152 (1964). Here, appellees are able to repair the water service pipes and seek recovery of the costs from the District. If the District is liable, money damages would give full and complete satisfaction for the injury suffered. Thus, the injunction having been improvidently issued, the order granting the injunction is

Reversed.